UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS (AFLAC), | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO._____ |
| v. | ) ) | |
| OOSHIRTS, INC., | ) ) | JURY DEMANDED |
| Defendant. | ) ) | |
| _____ | ) | |

## **COMPLAINT**

Plaintiff American Family Life Assurance Company of Columbus (Aflac) ("Aflac") files this Complaint against Defendant ooShirts, Inc. ("Defendant"), and shows the Court as follows:

## **NATURE OF THE ACTION**

1.

This is an action for federal and state law trademark infringement, unfair competition and dilution arising out of Defendant's unlawful use, infringement and dilution of certain of Aflac's federally-registered trade and service marks, which became famous and well-known long before Defendant's unlawful and infringing conduct began, including through Defendant's use of identical or virtually identical marks for its own goods and services, which Defendant markets, advertises, distributes, offers for sale and sells to residents of this District, including through Defendant's website. Defendant's unlawful and infringing conduct has been both intentional and willful, and has been committed with knowledge of Aflac's trade and service marks. Aflac asserts claims against Defendant for federal trademark infringement (Count I), federal unfair competition (Count II), federal trademark dilution (Count III), violation of the Georgia Deceptive

Trade Practices Act (Count IV), violation of Georgia's unfair competition statute (Count V), common law trademark infringement (Count VI) and common law unfair competition and misappropriation (Count VII).

## PARTIES, JURISDICTION AND VENUE

2.

Aflac is a Nebraska insurance company with its principal place of business located at 1932 Wynnton Road, Columbus, Georgia 31999.

3.

Upon information and belief, Defendant is a California corporation with its principal place of business located at 41454 Christy Street, Fremont, California 94538.  Defendant may be served through its registered agent, Raymond Lei, at 10035 Byrne Avenue, Cupertino, California 95014.

4.

Upon information and belief, Defendant owns and operates the website with the domain name https://www.teechip.com (the "TeeChip Website").

5.

This Court has subject matter jurisdiction in this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court has supplemental jurisdiction over Aflac's state statutory and common law claims under 28 U.S.C. § 1367(a).

6.

This Court has personal jurisdiction over Defendant because Defendant markets, advertises, distributes, offers for sale and sells certain goods and services in this District, including through its TeeChip Website, which have unlawfully used, infringed and diluted the Aflac trade and service marks at issue in this action.  In addition, Defendant has transacted, and continues to transact, business in this District, including through its TeeChip Website. Defendant further purposefully and knowingly has directed its unlawful and infringing conduct to residents of this District, including through its TeeChip Website.  Thus, this Court has personal jurisdiction over Defendant under O.C.G.A. § 9-10-91(1) - (3) and the Due Process Clause of the United States Constitution.

7.

Venue is proper in this Court under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

I.      **Aflac And Its AFLAC Marks.**

8.

Aflac is a wholly-owned subsidiary of Aflac Incorporated, a publicly traded holding company headquartered in Columbus, Georgia.

9.

Founded in 1955, Aflac is one of the nation's leading providers of supplemental health and life insurance.

3

10.

Since at least 1989, Aflac has used the name "Aflac" to identify its insurance underwriting services and has registered numerous trade and service marks, among them U.S. Trademark Registration Numbers 1,570,222, 2,561,831, 3,197,432 and 3,678,427 (collectively, the "AFLAC Marks") to identify its insurance underwriting services, including through promotional apparel and goods licensed by Aflac.

11.

Over the years, Aflac has carefully monitored and policed the use of the AFLAC Marks and has sought to protect the uniqueness and distinctiveness of those marks.  Upon information and belief, no individual or entity other than Aflac has the legal right to use the name or mark "Aflac" in connection with the sale of any goods or services in the United States.

12.

The AFLAC Marks have become among the best known in the industry through their widespread, continuous and prominent use by Aflac in interstate commerce.

13.

Aflac has invested hundreds of millions of dollars in advertising, marketing and promoting the AFLAC Marks throughout the United States.

14.

Aflac's advertisement, marketing and promotion of its AFLAC Marks includes numerous advertisements on various network and cable television networks, widespread print advertising in various national news periodicals, extensive advertising and sponsorship of major sporting events and social media advertising through Aflac brand accounts such as on Facebook and Twitter.

4

15.

Aflac has sold tens of billions of dollars in insurance underwriting services under the AFLAC Marks throughout the United States.

16.

Through Aflac's continuous and extensive use of the AFLAC Marks in commerce to identify itself and its insurance underwriting services, the AFLAC Marks serve to uniquely identify Aflac in the minds of the relevant consuming public.

17.

The AFLAC Marks are widely recognized by the general consuming public of the United States as a designation of the source of Aflac's goods and services.  For example, approximately 94% of Americans recognize one or more of the AFLAC Marks.

18.

The AFLAC Marks have acquired substantial fame through their widespread, continuous, and prominent use in connection with Aflac's insurance underwriting services.

19.

Aflac's registrations of the AFLAC Marks remain valid, are in full force and effect, and are incontestable.  Such registrations constitute evidence of Aflac's exclusive right to use its AFLAC Marks in connection with insurance underwriting services.

20.

Aflac also owns common law rights to its AFLAC Marks by virtue of its widespread, continuous and prominent use of the AFLAC Marks to market, advertise, distribute, offer for sale and sell its insurance underwriting services, including through insurance agents and brokers nationwide.

21.

Aflac is the owner of all right, title and interest in and to the AFLAC Marks, which serve to uniquely identify Aflac's insurance underwriting services.  The AFLAC Marks are inherently distinctive and serve to identify and indicate Aflac as the source of insurance underwriting services to the relevant consuming public throughout the United States.

II.     **Defendant's Use of the Infringing Names, Which Are Identical Or Virtually Identical To The AFLAC Marks.**

22.

Upon information and belief, Defendant owns and operates the TeeChip Website, which is an interactive, commercial website that markets, advertises, offers for sale and sells printing services for various articles of clothing, cell phone cases and mugs, including in this District.

23.

Since at least July 2015, Defendant has marketed, advertised, offered for sale, distributed and sold in interstate commerce, including in this District, various goods and services incorporating identical or virtually identical names and designs as the AFLAC Marks (the "Infringing Names").  Examples from the TeeChip Website showing Defendant's use of the Infringing Names to market, advertise, offer for sale, distribute and sell various t-shirts and "hoodie" sweatshirts printed by or at Defendant's direction are attached as Exhibit 1.

24.

Defendant had actual and constructive knowledge of Aflac's widespread, continuous and prominent use of the AFLAC Marks prior to Defendant's use of the Infringing Names.

25.

Defendant knowingly and willingly sought to benefit from the substantial goodwill and fame in the AFLAC Marks by using the Infringing Names to identify, market, advertise, distribute, offer for sale and sell Defendant's own various goods and services.

26.

Aflac has never authorized, permitted or licensed Defendant to use any variation of any of the AFLAC Marks.

27.

Defendant's use of the Infringing Names on its goods and services is likely to confuse, mislead and deceive the relevant consuming public by falsely suggesting that Defendant's goods or services are endorsed, sponsored, manufactured, distributed, marketed or sold by Aflac, which they are not.

28.

Defendant's unlawful conduct has resulted, and unless permanently restrained by the Court, will continue to result in unjust enrichment for Defendant and irreparable harm to Aflac, for which Aflac lacks an adequate remedy at law.

## <u>COUNT I – FEDERAL TRADEMARK INFRINGEMENT</u>

29.

Aflac incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 28 above.

30.

Defendant's use of the Infringing Names has caused, and is likely to cause, confusion, mistake or deception, and constitutes infringement of the AFLAC Marks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

31.

Defendant's conduct has caused damage to Aflac and its business.

32.

Unless permanently enjoined, Defendant's conduct will cause Aflac irreparable injury for which Aflac lacks an adequate remedy at law.

33.

Aflac is entitled to recover from Defendant all damages it has sustained from Defendant's unlawful and infringing conduct, as well as the profits Defendant has obtained from such conduct, in an amount to be proved at trial and to be trebled pursuant to 15 U.S.C. § 1117.

34.

Defendant's conduct has been willful and deliberate, and amounts to exceptional circumstances, justifying an award of reasonable attorneys' fees and costs to Aflac pursuant to 15 U.S.C. § 1117.

## COUNT II – FEDERAL UNFAIR COMPETITION

35.

Aflac incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 34 above.

36.

Defendant's use of the Infringing Names has caused a likelihood of confusion, mistake or deception as to the source, origin, sponsorship or approval of Defendant's goods and services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

37.

Defendant's use of the Infringing Names falsely suggests that Defendant or its goods or services are affiliated with, connected with, endorsed by, sponsored by or approved by Aflac, which they are not, in violation of 15 U.S.C. § 1125(a)(1)(A).

38.

Defendant's conduct has caused damage to Aflac and its business.

39.

Unless permanently enjoined, Defendant's conduct will cause Aflac irreparable injury for which Aflac lacks an adequate remedy at law.

40.

Aflac is entitled to recover from Defendant all damages it has sustained from Defendant's unlawful and infringing conduct, as well as the profits Defendant has obtained from such conduct, in an amount to be proved at trial and to be trebled pursuant to 15 U.S.C. § 1117.

41.

Defendant's conduct has been willful and deliberate, and amounts to exceptional circumstances, justifying an award of reasonable attorneys' fees and costs to Aflac pursuant to 15 U.S.C. § 1117.

## COUNT III – FEDERAL TRADEMARK DILUTION

42.

Aflac incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 41 above.

43.

Through Aflac's widespread, continuous and prominent use of the AFLAC Marks and its substantial sales and commercial success under the AFLAC Marks, the relevant consuming public closely identifies the AFLAC Marks with Aflac's insurance underwriting services. The AFLAC Marks are distinctive and famous, and became so long before Defendant's use of the Infringing Names.

44.

Defendant's use of the Infringing Names, which are identical or virtually identical to Aflac's famous and distinctive AFLAC Marks, has caused dilution of the distinctive quality of the AFLAC Marks in violation of the Federal Trademark Dilution Statute, 15 U.S.C. § 1125(c).

45.

Defendant's conduct has caused damage to Aflac and its business.

46.

Unless permanently enjoined, Defendant's conduct will cause Aflac irreparable injury for which Aflac lacks an adequate remedy at law.

47.

Defendant's conduct has been willful and deliberate, entitling Aflac to recover from Defendant all damages it has sustained from Defendant's unlawful and infringing conduct, as well as the profits Defendant has obtained from such conduct, in an amount to be proved at trial and to be trebled pursuant to 15 U.S.C. § 1117.

48.

Defendant's conduct has been willful and deliberate, and amounts to exceptional circumstances, justifying an award of reasonable attorneys' fees and costs to Aflac pursuant to 15 U.S.C. § 1117.

## COUNT IV – VIOLATION OF THE GEORGIA DECEPTIVE TRADE PRACTICES ACT

49.

Aflac incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 48 above.

50.

Defendant's use of the Infringing Names has caused a likelihood of confusion and misunderstanding as to the affiliation, connection, association with, or certification by another of Defendant's goods and services.

51.

Defendant's use of the Infringing Names has caused a likelihood of confusion or misunderstanding as to the source, origin, sponsorship or approval of Defendant's goods and services.

52.

Defendant's conduct constitutes unfair and deceptive trade practices in violation of Georgia law, including the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, *et. seq*.

53.

Defendant willfully engaged in its use of the Infringing Names knowing that such use was deceptive.

54.

Defendant's conduct has caused damage to Aflac and its business.

55.

Unless permanently enjoined, Defendant's conduct will cause Aflac irreparable injury for which Aflac lacks an adequate remedy at law.

56.

Aflac is entitled to recover an award of the reasonable attorneys' fees and costs incurred by Aflac in this matter.

## <u>COUNT V – VIOLATION OF GEORGIA'S<br>UNFAIR COMPETITION STATUTE</u>

57.

Aflac incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 56 above.

58.

Prior to Defendant's use of the Infringing Names, Defendant knew of Aflac's use of its AFLAC Marks.

12

59.

In using the Infringing Names, Defendant intended to deceive and mislead the relevant consuming public as to the source, sponsorship, approval or certification of Defendant's goods and services.

60.

Defendant's conduct constitutes unfair competition in violation of Georgia law, including O.C.G.A. § 23-2-55.

61.

Defendant's conduct has caused damage to Aflac and its business.

62.

Unless permanently enjoined, Defendant's conduct will cause Aflac irreparable injury for which Aflac lacks an adequate remedy at law.

## COUNT VI – COMMON LAW TRADEMARK INFRINGEMENT

63.

Aflac incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 62 above.

64.

Aflac has prior and exclusive rights to use its AFLAC Marks.

65.

Defendant's use of the Infringing Names has caused a likelihood of confusion, mistake or deception, and constitutes infringement of the AFLAC Marks in violation of the common law of Georgia.

66.

Defendant's conduct has caused damage to Aflac and its business.

67.

Aflac is entitled to recover from Defendant all damages it has sustained from Defendant's unlawful and infringing conduct in an amount to be proved at trial.

68.

Unless permanently enjoined, Defendant's conduct will cause Aflac irreparable injury for which Aflac lacks an adequate remedy at law.

## COUNT VII – COMMON LAW UNFAIR COMPETITION AND MISAPPROPRIATION

69.

Aflac incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 68 above.

70.

Defendant's conduct constitutes unfair competition under Georgia common law.

71.

Through its unauthorized use of the Infringing Names, Defendant has misappropriated the AFLAC Marks and unjustly enriched itself through the substantial goodwill in the AFLAC Marks.

72.

Defendant's conduct has caused damage to Aflac and its business.

73.

Aflac is entitled to recover from Defendant all damages it has sustained from Defendant's unlawful and infringing conduct in an amount to be proved at trial.

14

74.

Unless permanently enjoined, Defendant's conduct will cause Aflac irreparable injury for which Aflac lacks an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Aflac prays for the following relief:

1) A trial by jury on all of Aflac's claims;

2) Judgment in Aflac's favor on all of its claims against Defendant;

3) An order from the Court permanently enjoining Defendant and its affiliates, subsidiaries, parents, employees, officers, directors, agents, representatives and all others working in concert with Defendant from:

   a. Using the Infringing Names, the AFLAC Marks and any marks or names that are so similar to the AFLAC Marks to create a likelihood of confusion, mistake or deception; and

   b. Doing any other act likely to induce the mistaken belief that Defendant or its goods or services are in any way affiliated with, connected with, endorsed by, certified by or associated with Aflac; and

   c. That the Court order Defendant to file with the Court and serve on Aflac, within thirty (30) days of the issuance of such order, a report in writing and under oath setting forth in detail the manner and form of Defendant's compliance with all Court-ordered injunctive relief;

4) That the Court award Aflac the actual and compensatory damages caused to Aflac by Defendant's unlawful and infringing conduct, and a disgorgement of all profits made by Defendant from its unlawful and infringing conduct, in an amount to be proven at trial and trebled pursuant to 15 U.S.C. § 1117;

5) That the Court award Aflac the reasonable attorneys' fees and costs incurred by Aflac in this matter;

6) An award of pre- and post-judgment interest; and

7) Such other relief to Aflac as the Court deems just and proper.

Respectfully submitted this the 9th day of January, 2017.

FISHERBROYLES, LLP

  /s/ Vincent Bushnell
VINCENT BUSHNELL
Georgia Bar No. 098999
vincent.bushnell@fisherbroyles.com
1200 Abernathy Road
Building 600, Suite 1700
Atlanta, GA 30328
Tel: 404-973-2180

*Attorneys for Plaintiff American Family Life Assurance Company of Columbus (Aflac)*